# Exhibit A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| ROBERT S. GRAY, | No. |
| Plaintiff, | **COMPLAINT IN CIVIL ACTION** |
| vs. | |
| SOUTHWOOD PSYCHIATRIC HOSPITAL, and ACADIA HEALTHCARE COMPANY, INC., | **Filed on Behalf of Plaintiff:** <br> Robert S. Gray |
| Defendants. | **Counsel of Record for this Party:** <br> Tanner Harris, Esquire <br> Pa. ID No. 334746 <br> 304 Ross Street, Suite 702 <br> Pittsburgh, PA 15219 <br> Telephone: 541-227-4886 <br> Email: Tanner@tmharrislaw.com |
| | **JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ROBERT S. GRAY,                                              No.

    Plaintiff,

    vs.

SOUTHWOOD PSYCHIATRIC
HOSPITAL, and ACADIA
HEALTHCARE COMPANY, INC.,

    Defendants.

## NOTICE TO DEFEND

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

    **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**ALLEGHENY COUNTY BAR ASSOCIATION**
**LAWYER REFERRAL SERVICE**
**400 Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**412-261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ROBERT S. GRAY,  No.

    Plaintiff,

vs.

SOUTHWOOD PSYCHIATRIC
HOSPITAL, and ACADIA
HEALTHCARE COMPANY, INC.,

    Defendants.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Robert S. Gray, by and through his counsel, Tanner Harris Esquire, and files the within Complaint in Civil Action, and in support thereof avers as follows:

## PARTIES

1. Plaintiff is Robert S. Gray (hereinafter referred to as "Plaintiff"), and his address is 2544 Woodward Avenue, Pittsburgh, PA, Allegheny County, 15226. At all times relevant, Plaintiff was employed by Defendant. At all times relevant Plaintiff was over 40 years of age.

2. Defendant is Southwood Psychiatric Hospital (hereinafter known individually as "Southwood"), an Acute Inpatient Hospital for treatment of Adolescents & Teenagers with Mental Health and Behavioral Disorders, and is located at 2575 Boyce Plaza Road, Pittsburgh, Pennsylvania 15241. At all times relevant, Defendant Southwood employed Plaintiff.

3. Defendant is Acadia Healthcare Company, Inc. (hereinafter referred to individually as "Acadia"), a for-profit provider for behavioral healthcare services, incorporated in Delaware, with headquarters in Franklin, Tennessee, 6100 Tower Cir. Ste. 1000, 37067.

4. Southwood Psychiatric Hospital is a subsidiary of Acadia Healthcare Company, Inc.

5. At all times relevant hereto, the Defendants were acting through their agents, servants, employees, and/or representatives who were then and there engaged in the performance of their duties, on the business of Defendants, and acting within the course and scope of their agency, servitude, employment and/or representative authority.

## PLACE OF EMPLOYMENT

6. Plaintiff was employed by Defendant, Southwood Psychiatric Hospital and its parent company, Acadia Healthcare Company, Inc. Plaintiff's employment with Defendants commenced on August 29, 2022. Plaintiff, who worked as a Licensed Practical Nurse, worked at Defendant Southwood's principal place of business in Pittsburgh, PA.

## JURISDICTION VENUE

7. This employment discrimination claim is brought under the Age Discrimination in Employment Act, 29 USC §§621 to 634 for employment discrimination on the basis of age (40 or older).

8. In addition to Plaintiff's employment discrimination claims listed above, Plaintiff is asserting claims herein under 42 USC §1983.

9. Plaintiff is also asserting state law claims.

10. Venue is proper because the causes of action arose in Allegheny County, Pennsylvania.

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference the allegations in paragraph 1 through 10 as if fully restated herein.

12. The discriminatory conduct of which Plaintiff complains in this action includes termination of employment on the basis of age.

13. This discriminatory conduct occurred on September 8, 2023.

14. It is believed and therefore averred that the Defendants are not still committing this conduct against Plaintiff.

15. The Defendant discriminated against Plaintiff based upon his age, (Plaintiff's DOB is 09/27/1956).

16. Plaintiff was hired by Defendants on August 29, 2022 as a Licensed Practical Nurse.

17. On or about September 8, 2023, Defendants discharged Plaintiff thereby terminating him from his position.

18. At all times relevant hereto, Plaintiff performed his role as Licensed Practical Nurse dutifully and successfully.

19. On or about one month before his termination, Plaintiff was questioned by his supervisor and others as to his retirement plans. Plaintiff told his supervisor and the other individuals that he wanted to work until at least age 70.

20. Plaintiff's supervisor and the other individuals indicated disappointment and then asked something to the effect of "given your age and that you are already getting Social Security, why do you want to continue working at your age?" (hereinafter referred to as the "retirement intentions conversation").

21. Then, August 15, 2023, Defendants issued a disciplinary action against Plaintiff and purported to give him the opportunity to fix alleged behavior related to passing medications to patients.

22. On September 8, 2023, Defendants terminated Plaintiff for alleged insubordination, further asserting that he had not fixed his alleged behavior.

23. Defendant terminated Plaintiff and informed Plaintiff that he was terminated, alleging insubordination for not fixing his alleged behavior as described in the pre-textual disciplinary action.

24. The stated basis by Defendant for terminating Plaintiff is untrue. Plaintiff successfully performed his caretaking duties and responsibilities.

25. Defendants' stated reasons for terminating Plaintiff's employment were purely pretextual.

26. Plaintiff was terminated because of his age in that he was over the age 40.

27. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission regarding Defendant' alleged discriminatory conduct on September 8, 2023.

28. Plaintiff dual filed a charge with the Pennsylvania Human Relations Commission at that same time.

29. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on February 28, 2025.

30. Since filing the charge of age discrimination with the Equal Employment Opportunity Commission regarding Defendants alleged discriminatory conduct, sixty (60) days or more have elapsed.

31. It is believed and therefore averred that Defendants discriminated against Plaintiff on the basis of age, that forced Plaintiff out of his position, and that Defendants deprived Plaintiff of his property, *i.e.* compensation, bonuses, pension enhancements, and employee benefits without due process of law.

## COUNT I - AGE DISCRIMINATION IN EMPLOYMENT

32. Plaintiff incorporates by reference the allegations in paragraph 1 through 31 as fully restated herein.

33. At the time of the action, Plaintiff belonged to a protected class as a 66 year old person over the ages of 40 and 41 years of age, respectively.

34. Plaintiff was performing duties he was qualified to perform as a Licensed Practical Nurse.

35. Plaintiff was discharged from his position as a Licensed Practical Nurse passing out medicines to patients in an in-patient treatment facility.

36. After his unlawful and discriminatory discharge, there continued to exist a need to perform the services Plaintiff was hired to perform.

37. Defendant cannot prove a valid, non-discriminatory reason for discharging Plaintiff, as the timeline for Plaintiff's discharge demonstrates a pretextual basis for age discrimination violative of federal law, state law, and public policy.

WHEREFORE, Plaintiff respectfully requests monetary damages, attorney's fees, punitive damages, and all other relief as this Honorable Court deems proper.

## COUNT II - 42 U.S.C. §1983

38. Plaintiff incorporates by reference the allegations in paragraph 1 through 37 as if fully restated herein.

39. The conduct of Defendants, as set forth at length above, intentionally created a hostile work environment because of Plaintiff's age, and therefore Defendants intentionally discriminated against Plaintiff because of his age.

40. Defendants relied upon their apparent or actual authority over Plaintiff to bully plaintiff and harass Plaintiff because of Plaintiff's age.

41. Thus, Defendants, with supervisory authority over Plaintiff, made submission to and toleration of their conduct an implicit term or condition of Plaintiff's employment.

42. Defendants' actions toward Plaintiff, as set forth at length above, created a hostile work environment and therefore deprived Plaintiff of Equal Protection of the law, in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. §1983.

43. At all times relevant hereto, Defendants acted under color of state law, inasmuch as their actions, as set forth at like the above, constitute misuse of power possessed solely by virtue of state law and made possible only because Defendants were clothed with the authority of state law.

44. Defendants' actions toward Plaintiff were intentional and were undertaken with reckless disregard of Plaintiff's federally protected right to an employment environment free from discrimination because of his age.

45. The conduct of Defendants, as set forth above, was a conscious choice on their part to disregard the Plaintiff's constitutional rights, and deprived Plaintiff, under color of state law, of Equal Protection of the Law in violation of the 14th Amendment of the U.S. Constitution and 42 U.S.C. §1983.

46. As a direct and proximate result of Defendants' intentional and reckless actions, plaintiff has sustained the following injuries and damages:

    a. Emotional harm;
    b. Severe depression;
    c. Deprivation of ordinary pleasures of life; and
    d. Pain and suffering caused by the exposure to almost regular and constant hostile employment environment.

WHEREFORE, Plaintiff respectfully requests monetary damages, attorney's fees, punitive damages, and all other relief as this Honorable Court deems proper.

**COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47. Plaintiff incorporates by reference the allegations in paragraph 1 through 46 as if fully restated herein.

48. By extreme or outrageous conduct, Defendants intentionally or recklessly caused Plaintiff to suffer severe emotional distress when they unlawfully discharged him as a result of his age because he was immediately aware of the actual unlawful and discriminatory basis of his discharge.

49. By extreme or outrageous conduct, Defendants intentionally or recklessly caused Plaintiff to suffer severe emotional distress when they unlawfully discharged him as a result of their pretextual course of action designed to discriminate against the Plaintiff on the basis of his age because he was immediately aware of the actual unlawful and discriminatory basis of his discharge.

WHEREFORE, Plaintiff respectfully requests monetary damages, attorney's fees, punitive damages, and all other relief as this Honorable Court deems proper.

Respectfully submitted,

DATE:     5/29/2025            */s/Tanner Harris*
                               Tanner Harris, Esquire

**VERIFICATION**

I, Tanner M. Harris, Esquire, am the attorney of record for Plaintiff, Robert S. Gray, and am authorized to sign this Verification on Plaintiff's behalf. I am making this Verification because the statements made in the Plaintiff's Complaint in Civil Action are uniquely known to me based upon personal knowledge, information, and belief.

I verify that the facts set forth in Plaintiff's Complaint in Civil Action are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: __5/29/2025__     _____/s/Tanner M. Harris_____
                        Tanner M. Harris, Esquire
                        Attorney for Plaintiff

## **VERIFICATION**

I, Robert Scott Gray , verify that the averments of fact made in the foregoing **Complaint in Civil Action** are true and correct and based upon my personal knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

DATE: 05.29.2025

Robert Scott Gray, Plaintiff

# **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff's Counsel

*/s/Tanner Harris*
Tanner Harris, Esquire
Attorney for Plaintiff
Pa. I.D. #334746

# Sheriff Return

**Case No:** GD-25-005924

**Casie Description:** Gray vs Acadia Healthcare Company Inc. etal

**Defendant:** Southwood Psychiatric Hospital

**Service Address:** 2575 BOYCE PLAZA RD PITTSBURGH,PA 15241 ALLEGHENY

**Writ Description:** Complaint

**Issue Date:** 05/29/2025 03:41 PM

**Service Status:** Served - Manager / other person authorized to accept deliveries of United States Mail

**Served Upon:** Southwood Psychiatric Hospital

**Served By:** Christopher Williams

**Served On:** 06/27/2025 03:02 PM

**Service Method:** Person In Charge

New Search  Log in for Docket Report and Account Information

## GD-25-005924

**Gray vs Acadia Healthcare Company Inc. etal**

**Filing Date:**
05/29/2025

**Filing Time:**
03:41:11

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 250000

**Case Type:**
Employment Discrimination

**Court Type:**
General Docket

**Current Status:**
Sheriff Return

**Jury Requested:**
Y

[ Collapse All ]

### ■ Parties  Count : 4

**--Litigants--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Gray | Robert | S. | Plaintiff | 2544 Woodward Avenue Pittsburgh PA 15226 | -- | Tanner Harris |
| Southwood Psychiatric Hospital | | | Defendant | 2575 Boyce Plaza Road Pittsburgh PA 15241 | 06/27/2025 15:02 | -- |
| Acadia Healthcare Company Inc. | | | Defendant | 6100 Tower Circle Suite 1000 Franklin TN 37067 | -- | -- |

Showing 1 to 3 of 3 rows

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Harris | Tanner | | Plaintiff's Attorney | Harris Law 304 Ross Street Suite 702 Pittsburgh PA 15219 | 4129463717 |

Showing 1 to 1 of 1 rows

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No matching records found | | | | | |

### ■ Docket Entries  Count : 2

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|---|---|---|---|---|
| 6/27/2025 | Sheriff Return | Southwood Psychiatric Hospital was served with Complaint on 27-JUN-25 03:02 PM by Served - Manager / other person authorized to accept deliveries of United States Mail. BRITTANY NAYLOR - RECEPTIONIST | Sheriff - Allegheny County | Sheriff Return |
| 5/29/2025 | Complaint | | Robert Gray S. | Document 1 |

Showing 1 to 2 of 2 rows

## − Event Schedule   Count : 0

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| | | No matching records found | |

## − Services

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| Complaint | Southwood Psychiatric Hospital | 2575 BOYCE PLAZA RD PITTSBURGH,PA 15241 Upper St. Clair Twp. | Southwood Psychiatric Hospital | Christopher Williams | 6/27/2025 3:02:30 PM | 15:02 | Served - Manager / other person authorized to accept deliveries of United States Mail |

Showing 1 to 1 of 1 rows

Collapse All